IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| C.A.C., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:21-CV-00041-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520(a)(4)(v). In

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on January 12, 2018, alleging she became disabled to work on January 29, 2018.[3] Tr. 213-16, 302. Her claims were denied initially on June 29, 2018, and upon reconsideration on May 10, 2019. Tr. 143-46, 153-56. She timely requested an evidentiary hearing before an ALJ on July 2, 2019, and one was held on April 14, 2020. Tr. 157-58, 37-78. Plaintiff appeared at the hearing telephonically with her attorney and gave testimony, as did an impartial vocational expert ("VE"). *Id.* On June 30, 2020, the ALJ issued an unfavorable decision denying Plaintiff's application. Tr. 17-36. Plaintiff next sought review by the Appeals Council but was denied on December 7, 2020. Tr. 6-11. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her application. Her case is ripe for review. 42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

In conducting the five-step sequential analysis of her claims for disability, the ALJ found at step two, Plaintiff had the following severe impairments: degenerative disc disease

---

[3] In her Title II application, Plaintiff originally alleged she became disabled to work on July 9, 2016. Tr. 213. However, she amended the alleged onset date to January 29, 2018. Tr. 302.

lumbar spine status-post laminectomy, degenerative disc disease cervical spine, degenerative joint disease bilateral hips, degenerative joint disease left shoulder, and atopic disease. Finding 3, Tr. 23. At step three, the ALJ determined these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 25. Between steps three and four, the ALJ found Plaintiff to have the RFC to perform light work with exertional, postural, and environmental limitations. Finding 5, Tr. 25-31. At step four, the ALJ found this RFC with added limitations permits Plaintiff to resume her past relevant work as a receptionist. Finding 6, Tr. 31. Alternatively, at step five, the ALJ found Plaintiff also capable of working as a teller and an accounting clerk. *Id*. As a result, the ALJ found Plaintiff not to be disabled to work. Finding 7, Tr. 31.

## DISCUSSION

Plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ (1) failed to properly evaluate all medically determinable impairments, and (2) relied on medical opinions that predate the bulk of the record. Pl.'s Br. 9-15, ECF No. 14. The Court finds these contentions unpersuasive and affirms the ALJ's decision.

**I.     The ALJ's decision is supported by substantial evidence regarding his assessment of Plaintiff's medical impairments.**

Plaintiff contends the ALJ's decision is not supported by substantial evidence in regard to her medical impairments. Specifically, Plaintiff alleges the ALJ erred by (1) failing to consider all medical impairments, (2) misrepresenting evidence, (3) inadequately

incorporating medical impairments, and (4) relying on the VE's testimony.  Pl.'s Br. 9-13.  The Court disagrees with these arguments.

      A.     <u>The ALJ considered all of Plaintiff's medical impairments.</u>

Plaintiff claims the ALJ overlooked her chronic pain disorder, Meniere's disease, degenerative joint disease of the left shoulder, Diabetes Mellitus Type I, and Vitamin B12 and D deficiencies.  Pl.'s Br. 10.  However, in evaluating a claimant's medical impairments, the ALJ need not identify every impairment at step-two as long as he considers them in subsequent steps in his decision.  *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x. 949, 951 (11th Cir. 2014) (per curiam).

In *Wilson v. Barnhart*, the Eleventh Circuit found an ALJ had considered all medical impairments by acknowledging the claimant had several impairments and concluding the claimant "did not have an impairment or combination of impairments" that amounted to a disability preventing work.  284 F.3d 1219, 1224-25 (11th Cir. 2002).  The Eleventh Circuit reached the same conclusion in *Jones v. Dep't of Health and Human Servs*., finding an ALJ had considered the combined effect of a claimant's impairments by stating the claimant did not have "an impairment *or combination of impairments* listed in, or medically equal" to a disability preventing work.  941 F.2d 1529, 1533 (11th Cir. 1991) (emphasis in original).

Like *Wilson* and *Jones*, the ALJ acknowledged Plaintiff's impairments by stating he "considered all of [Plaintiff's] medically determinable impairments, including those that are not severe."  Tr. 23.  The ALJ also referenced his consideration of all of Plaintiff's impairments by stating, "[Plaintiff] does not have an impairment *or combination of impairments* that meets or medically equals" a disability preventing work.  Tr. 25

(emphasis added). These statements alone constitute sufficient evidence the ALJ considered all of Plaintiff's impairments. However, the ALJ went one step further and explicitly referenced Plaintiff's Meniere's disease and diabetes. Tr. 26. In doing so, he rejected Plaintiff's associated limitations because substantial evidence within the record refutes the limitations. *Id*. As a result, the ALJ sufficiently considered all of Plaintiff's impairments.

### B. The ALJ accurately portrayed evidence.

Plaintiff takes issue with the ALJ's classification of her hearing loss as a non-severe impairment and interpretation of her back impairment and treatment. Pl.'s Br. 10-12.

Regarding Plaintiff's hearing loss, the ALJ classified it as a non-severe impairment since the condition did not last longer than twelve months and did not limit Plaintiff's ability to perform basic work functions. Tr. 23. In doing so, the ALJ referred to Plaintiff's hearing loss as "mild high frequency loss right ear and mild to moderate low frequency loss left ear." Tr. 23. Plaintiff argues this reference inaccurately portrayed the evidence within the record. However, the ALJ's statements are supported by the findings of Dr. Kaplan and Dr. Alverson. Tr. 30. Specifically, Dr. Kaplan introduced the language adopted by the ALJ, and Dr. Alverson defined the hearing loss as non-severe, finding "word recognition was normal for the right ear and good for the left ear." *Id*. Regardless of its classification, Plaintiff's hearing loss was sufficiently evaluated within the ALJ's decision. *See Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x. 1005, 1008 (11th Cir. 2016) (per curiam) (finding the classification of claimant's vision loss as non-severe was a harmless error since the ALJ evaluated claimant's visual limitations as a whole). As a

7

result, there is no reversible err regarding the ALJ's analysis of Plaintiff's hearing impairments.

Regarding Plaintiff's back impairment, the ALJ found Plaintiff capable of performing light work due to her temporary back limitations and improved conditions from medication management and physical therapy. Tr. 29. Plaintiff argues this finding inaccurately portrayed the evidence within the record. However, the ALJ's finding is supported by Plaintiff's lack of "hospitalizations or emergency room visits" for back-related complaints, lack of "chronic pain management treatment other than OTC medications and epidural injections," lack of "referrals for surgical or specialized intervention," and lack of prescription for an "assistive device for ambulation." *Id*. The ALJ's statement is also supported by the findings of Dr. Brown and Dr. Bayyapureddy, each confirming Plaintiff's spine and joint disorders caused minimal limitations on her ability to perform work. *Id*. Dr. Brown acknowledged Plaintiff's lumbar symptoms but determined they did not affect her normal gait. *Id*. Similarly, Dr. Bayyapureddy found limitations in Plaintiff's lumbar range of motion did not affect her ambulation, gait, walking, or standing limitations. Tr. 29-30. Since his analysis is supported by substantial evidence, there is no err regarding the ALJ's analysis of Plaintiff's back impairments.

      C.     <u>The ALJ properly incorporated Plaintiff's medical impairments in the RFC.</u>

Plaintiff contends the ALJ failed to incorporate restrictions related to her left shoulder degenerative joint disease and cervical spine degenerative disc disease. Pl.'s Br. 12. However, the ALJ acknowledged these impairments through the adoption of Dr. Bayyapureddy's medical opinion. Dr. Bayyapureddy found Plaintiff had a full range of

8

motion in all joints except for her neck. Tr. 30. This finding supports the conclusion that Plaintiff's medical impairments do not prevent her from carrying out work related tasks. *Id*. As a result, Plaintiff's medical impairments were adequately incorporated in the ALJ's decision.

D. The ALJ's consideration of the VE's testimony is supported by sufficient evidence.

Plaintiff takes issue with the ALJ's adoption of the VE's response to his hypothetical question asking whether a person with Plaintiff's prior work and medical history would be able to perform their past work. Pl.'s Br. 12-13. A VE's response to a hypothetical question may serve as substantial evidence in support of the ALJ's decision if the hypothetical encompasses all of a claimant's impairments and limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Here, Plaintiff argues the hypothetical posed to the VE failed to include limitations on reaching, handling, and fingering. Pl.'s Br. 12-13. However, the ALJ need not incorporate impairments and limitations not supported by the record. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Limitations on Plaintiff's reaching, handling, and fingering are not supported by the record, as medical opinions found Plaintiff's exertional and postural limitations to stem from her neck and back. This is evidenced by Dr. Bayyapureddy finding Plaintiff's "strength measured [five] out of [five] in all her extremities." Tr. 30. Not only does the VE's testimony serve as substantial evidence supporting the ALJ's decision, the ALJ's decision is also supported by medical opinions and physical reports. As a result, there is no err in the ALJ's consideration of the

9

VE testimony.

## II. The ALJ's adoption of medical opinions predating the bulk of the record is supported by substantial evidence.

In January 2017, the Social Security Administration revised the regulations regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Plaintiff's case is subject to these revised regulations, as she filed her claim on January 12, 2018. The regulations now specify the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id*. § 404.1520c(c)(1)-(5). The ALJ is only required to discuss the first two factors. As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. § 404.1520c(c)(1). With respect to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

opinion(s) or prior administrative medical finding(s) will be." *Id*. § 404.1520c(c)(2). The remaining factors need only be discussed if the record contains persuasive differing medical opinions or prior administrative findings. *Id*. § 404.1520c(b).

Here, Plaintiff contends substantial evidence does not support the ALJ's decision to give significant weight to medical opinions predating the bulk of the record. Specifically, Plaintiff finds issue with the adoption of Dr. Brown's and Dr. Bayyapureddy's opinions. Pl.'s Br. 13-15. The ALJ's adoption of Dr. Brown's opinion that Plaintiff's spine and joint disorders cause only minimal limitations in her ability to work was supported by the record. Tr.29-30. Similarly, the ALJ's adoption of Dr. Bayyapureddy's opinion that Plaintiff had "limitations in the lumbar range of motion, but no limitations with ambulation, gait, walking, standing, and no limitations with the lower extremities" was also supported by the record. Tr.30. Although these opinions predate evidence within the record, there is subsequent evidence to support these opinions. Specifically, Plaintiff's most recent examinations by Athens Spine Center, reported a "non-antalgic" gait and Plaintiff's ability to "ambulate without assistance." Tr. 879. The examination also revealed Plaintiff had "no significant changes from previous exams." *Id*. As a result, Dr. Brown's and Dr. Bayyapureddy's opinions are supported by and consistent with subsequent medical findings. Thus, there is no err in the ALJ's adoption of Dr. Brown's and Dr. Bayyapureddy's opinions.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 13th day of July, 2022.

                                                     /s/ Stephen Hyles
                                                     UNITED STATES MAGISTRATE JUDGE